The only issue at trial was whether or not Mr. Castillo-Mendez intended to enter the United States, freed from official restraint. So when the jury asked the court to define what does that mean, what does free from official restraint mean, the court had a duty to dispel any difficulties that they had to clear those away and with concrete accuracy. And that's from the United States Supreme Court case of Bellenbach. So the United States Supreme Court has told us that when a judge responds to a jury question, the judge must eliminate confusion with concrete accuracy. And the opposite happened here. Instead of making explicit and concrete why official restraint was relevant, the court further confused the jury. The only reason that official restraint was relevant was to Mr. Castillo-Mendez's intent. This court has made clear that if your intent when you cross the jail, to have a warm bed in jail, you are not guilty of the specific intent crime of attempted entry, which is totally different from if you're... What's the intent? The intent to be to enter the country and to move freely about? Exactly. Is the, I don't want to call it an element, but the factor official restraint, is that an re-entry case? So every time you have a re-entry case right at the border, the government needs to decide whether or not they're going to file it as an attempt or a found in. It was filed in this case as an attempt, right? Correct. So the government... But my question is, so in every case like that, in effect is official restraint, free of official restraint, an element of the crime? It is. I mean, the government must show that their intent was to enter and be able to move about freely, you know, in the population. That's the way you define his intent. Right, that's... The way you evaluate his intent. Correct. So just one of the factors is considered on the element of the defendant's intent. Is that what it amounts to? It's not an element in itself. It's not an element in itself, correct. But it's a factor to be considered in deciding what the defendant's intent was. Right, and they, sorry, and they term it as conscious desire. So did he have the conscious desire to enter the United States and then go to L.A. to work? Or was his conscious desire to enter to get caught because in this case, he was trying to get away from these smugglers who had shown total disregard for his safety and his cousin's safety? They testified... Now, the defense, when the note came in, judge discussed it with counsel and then came up with a, I'll call it, you know, a response to the note or a supplemental instruction, right? And then the defendant objected. Correct. So I was the trial attorney on this case, and there's a little bit of confusion on that. What Judge Burns did was he handed each side two sheets of paper. And I was initially a little bit confused because he had been rolling against me, but then the first piece of paper that he gave me was exactly what I was asking for. And so I said, this is great. I don't object. I thought he was giving us two copies so that I could share it with co-counsel. But then he read the one that kept repeating that, and I broke it down into seven different components. Yeah, he gave, and then, you know, I immediately went sidebar and said, I'm sorry, Your Honor, I was confused. I obviously object. And he said, and because he was greatly surprised that I wasn't going to object. And so I did object, and that's when the judge said, I'm absolutely, no way am I going to not give this instruction. So he. Defining official restraint. Correct. Well, sort of defined. In other words, you objected, like, just to the, apparently, and the second version added a couple of sentences, right? At the end? Well, I broke it down into seven components. It's at 1 ER 19 and 1 ER 31. There's two huge problems with the way he breaks it down. First, he talks. Well, what exactly did you object to then? Let's start at the beginning. I objected to two overarching things. Constant surveillance, which has absolutely no place when it's an attempted entry, and his awareness. So Judge Burns said, but the alien need not be aware that he's under surveillance. Which is an irrational instruction to give a jury when their focus is supposed to be on his intent. So, of course, he has to be, you know, it's. And then it just keeps repeating that you need constant surveillance, constant surveillance, constant surveillance, which is taking the jury on a left-hand turn when they should be focusing on whether or not Mr. Castillo-Mendez had the conscious desire to enter free from official restraint when he was testifying and his cousin testified that their intent was to get caught because they would be much safer with border patrol than they would be with these smugglers. Now, this instruction, though, would be appropriate for a found in. Yes. Isn't that right? That's correct. And Judge Burns was trying to grapple with that and repeatedly said, I don't think the words official restraint change when you have a found in case or an attempted case. And I kept trying to say, it does make a difference because the focus is supposed to be conscious desire to enter free from official restraint. But I was shut down. Let me ask you, how would you correct this instruction? So in my AOB, in my opening brief, and at page 31, I give what I think would be the proper instruction. And I think it's in two places in the opening brief. So the court could just say, in the attempted entry context, official restraint is relevant only to the defendant's conscious desire. And in that context, the government must prove that the defendant had the conscious desire to go at large within the United States without being captured by law enforcement. That is, to find the defendant guilty, you must find that the defendant had the conscious desire to avoid apprehension when he climbed over the border fence. A little wordy, but the point is, is that the definition should focus on intent. Correct. This is my problem. Here's my problem with this whole approach, though. The jury didn't ask, you know, for some direct clarification of intent. They just wanted to know what it was meant by official restraint. Correct. And this, why is this error? Okay. So because it's not, it doesn't purport to define intent. It just defines the official restraint. And so that's a factor to be considered in, you know, determining the defendant's intent, which maybe you stated correctly that, you know, you want to go about society free of, you know, government restraint. Right. So the issue we have here, it's not just that it's a bad jury instruction in a vacuum, but under Ballenbach v. United States, what we have is a response to a jury question. And so it's supposed to be crystal clear. And so the jury here said, why is it not clear? Because it's not trying to define intent, because that was not the question. It's only defining official restraint. Now, why isn't it clear? Judge could have said, well, this is an attempt case, so forget about official restraint. You could have said that, right? That would have been clear. But no, but my point is as clear as this, but my point is the question was not, you know, you know, would you please define intent for us in this kind of case? That was not the question was defining official restraint. Isn't that what was done here? And judge could have said, well, you know, it's irrelevant. Well, it's not irrelevant because it goes, it goes, it had the words official restraint have to be given because Mr. Castillo-Mendez had to have this conscious desire, not just to enter, but to enter free from official restraint. So if his intent is to enter and get caught and yeah, the judge could have used other words, but if his intent is to enter and get caught, then he's not guilty. And so the problem with the definition that this court gave is it's uncoupled official restraint from intent. Well, let me ask you this then, in the context of the kind of defense this defendant put on, how is this prejudicial? Because there was only one issue at trial. Did he have the conscious desire to enter free from official restraint? His testimony was, I had the conscious desire to enter and get caught. I wanted to get away from the smugglers. There was corroborated evidence. His cousin also testified to the same thing that this, they were afraid of the smugglers. They were, it was a necessity defense. They were threatened by the smugglers. And that's the only reason they climbed over the fence. I say I'm out of time. Okay. May it please the court, Benjamin Hawley for the United States. The jury asked reasonably, what does free from official restraint mean? The court answered that question with. How was that? How did that even come up? How, what was the original instruction that was given? So the original instruction there, there are five elements or five steps in the. Which part does this occur? So this was the sixth one that was added at defense's request. In this case that the defendant, that the government had to prove the defendant intended to enter free from official restraint. And that's the only time that phrase is used in the original set of instructions. Does that occur just overall? Is that a correct instruction? It is in that if the defendant intended to enter into official restraint, then he would be not guilty. So again, if the defendant repeat that again, sure. If the defendant intent enters with the intent to go into official restraint, then he would be not guilty. So that we're just telling the jury, the government has to prove that he intended otherwise. And that's, that's the defense contention in this case, isn't it? Yes. I'm not going to prove I'm just being, that's the theory of this case. Correct. Correct. Their defense was he and he was escaping these smugglers and intended to go into border patrol custody. The government obviously disagreed with that and pointed to it. So the jury is instructed without giving that instruction, and then they're back deliberating and they send out a note. Well, what does official restraint mean? Exactly. Because that's the only time that phrase is used in that original set of instructions. So they actually ask two questions. So how does this, how does this, what you, what the judge ended up giving, how does that really answer the jury's question? Well, it answers, so two, two responses. I mean, it seems like, it seems like it's not even relevant, the way he did it. It's relevant in that whether one is under official restraint is indicative of whether one intended to be under official restraint, particularly in terms of surveillance. So if the evidence was that Mr. Castillo-Mendez entered and was actually surveilled the entire time, which is not the evidence, but if that, if that were the evidence, that would be at least indicative or some evidence that that was his intent. How would, how does that explain it to me? How does that, how does, how would he even know that he's, that he's under surveillance? He believed he was. He testified that there is a, when he crossed the fence, there's a border patrol vehicle. No, but the law is he doesn't have to know he's under constant surveillance, right? Correct. He can certainly. How does that, how can that go to intent if he doesn't have to know it? He can intend to be, he can essentially hope to be that he's being surveilled so he can get into the embrace of border patrol without necessarily knowing that they're there. And in this case, he thought, he said there was a border patrol vehicle off to one side and there's a plane that he testified was overhead. He assumed it was border patrol. That is, even if he doesn't go straight to that border patrol vehicle, he can assume he's being watched and therefore didn't have to go straight to the border patrol vehicle and would still be not guilty because he's in. All right. Is it your contention that this is a correct definition of official restraint for purposes of an attempt case? Yes, because the definition does not change whether one intends to be free from restraint or actually is. And importantly, the jury asked two questions. One was what defined this? What does it mean? And two, about intent. When does this intent occur? So the judges answer, the courts answer to those, answer both of those questions. The first one purely gives the definition. It's the second one that, again, focuses the jury back on this is what the government has to prove. They have to prove the intent. So that first answer, that first instruction was simply defining terms. The second was, again, focusing on intent. What do you mean by second? So instruction B, when they ask two questions, so supplemental excerpt of record, page 134 is the answer to the first question, and 135 is the answer to the second question where they ask. So what I found strange about this instruction was that, you know, the one that the judge gave towards the end, the second to last sentence, he says, additionally, the alien must lack the freedom to go at large and mix with the population. But the alien need not be aware of the surveillance. And that's a. Any alien who is under this kind of sustained surveillance has not entered the United States free of official restraint. I mean, the whole thing, I just found the whole thing confusing. Well, and I think it's because it's not at all. So if you give just that second answer, the one that the defense deemed perfect, where it talks about going at large and mixing with the population, it's not at all intuitive that being under surveillance is alone sufficient to prevent you from doing that. That is, someone's not contained in a port of entry, is not actually in Border Patrol custody. This Court has determined that surveillance is sufficient to prevent them from going at large and mixing with the population. But that's not intuitive. The surveillance, though, that makes a difference, though, for purposes of a found-in prosecution. And it. This was not a found-in prosecution. Correct. But it matters what his intent was. Was his intent to be. Is there an intent element in a found-in case? In a found-in, no. The intent is everything in an attempt case. Right. That's the difference. In a found-in case, official restraint is a defense, but there's no need for intent. In an attempt case, there's intent, but official restraint is not a defense in and of itself. Well, I think the reason I also find this instruction kind of confusing, but I think the reason is because it doesn't directly apply to an attempt case. It meaning, you know, this long definition of official restraint. It's not really a relevant issue in an attempt case, right? It is in the sense that whether one was under official restraint is indicative of their intent. So because he was hiding. That's what I mean. We're not concerned with whether, you know, whether an alien was under official restraint, as you would be in a found-in case. We're only concerned with the intent. Right. Right. But the way one of the ways we can know somebody's intent is what did they do? This is like an indirect way of getting at the defendant's intent. Yes. But that's why it's so confusing because it's so long and so, you know, in a way mentions a lot of precise examples. But all those don't matter in this case, except to the extent they help to discern the defendant's intent. Well, I would agree with that. But the because the defendant's intent is the only thing that matters, to the extent they help discern that, that's critical. But at the end of the day, even if this Court says that this was error, it was still harmless. And the reason for that is twofold. First, there's no reason to believe, as defense counsel said, the entire issue here was his intent. And there's no reason to believe that the jury lost sight of that based on this definition, that they suddenly started debating whether he actually was under official restraint when all of the instructions, all of the argument, the supplemental argument during deliberation, all talked about his intent, as did that second answer, that second instruction. That's right. Now, there was a judge permitted a short supplemental argument after this instruction was given, right? Exactly. During deliberation. And what did those arguments focus on? Were they focused on intent or on meaning official restraint or what? So starting with the government's supplemental response, they essentially took the question or the instructions one, two. They talked about, here's what official restraint means. And again, we're focusing on intent was the second part. And then ended with, how do we know someone's intent? We look at their actions. And that's how they tied them together the same way I'm trying to. The defense then focused on and said, look, the only reason we're talking about official restraint is because we care about intent. And that's, and then focused entirely on intent. Except for the way she, the way she, you know, when you read her argument, you didn't, did you argue? I did not, no. Yeah, it was a, the argument that the prosecutor makes seems to be tailored more to a found in case. So what I, when she, after the judge gives the instruction, she stands up and gives this argument. It seems like it's more related. She says they didn't, you know, they were. Talks about constant surveillance and the writing. Right. And so my response there is that, that she's talking about the definition of official restraint then goes to the intent part. So there was a period of time where there was no official restraint in this case. Right. Which sounds like a found in case. Yes, except at the end when she's tying it together and is saying, so how do we know what somebody's intent is? We look at their actions before he jumped the fence, after he jumped the fence. Those are all indicative of his intent, which is again, the second part, she summarized it well in saying that this is what ultimately matters. We have to figure out what did he intend? Did he intend to go, as we say, and get free at large in the country or did he intend to go into border patrol custody? And so that, that summarized it. But the second reason that this is harmless besides what I just indicated is the evidence was otherwise overwhelming about the amount of payment that these smugglers would only get paid if he successfully made it in. He hid twice in these large groups of rocks, did not seek out border patrol. Certainly not that first vehicle he went to. Never mentioned fleeing from smugglers either on the scene or back at the station. The first time we hear about this fleeing from smugglers is at trial. Unless the court has a need for... But isn't that, I mean, that, it could be argued that's consistent with the defense theory, right? That he was like trying to run away because he didn't have quite enough money or something like that. But he did. The problem was he did not go to, he said there was border patrol vehicle right there. He didn't go to that. Even once he, for some reason, he didn't want to go there if he thought the smugglers could get to him over the fence somehow. He was otherwise avoiding being seen. And that's where that constant surveillance comes back in. He's trying to avoid surveillance. And it wasn't until the border patrol agent stops right next to him. They duck down behind the rocks. She crosses a barbed wire fence through the brush and finds him. Okay. I don't think it's relevant in this case, but let me ask one final question. Is attempt, I'm talking about a re-entry case, is attempt a lesser included offense of entry? No, it's two separate ways. He found in or attempted entry, two separate. Thank you. Thank you. Okay. Thank you, counsel. You had a few minutes for rebuttal. Oh, he's out of time. Just, I'll give you a minute for rebuttal. Thank you. Um, just briefly. So he, whether he's aware, so the court told him that he doesn't need to be aware of surveillance. That's not true because if he's aware of surveillance, then that shows he intended to get caught. Um, and you have to want to get caught. Well, I'd say it was, he, he doesn't have to be aware of surveillance. He doesn't have to be aware of it. But if he is, you're saying it's a factor in your favor. Yes. It shows. Yeah. And so that's why the, um, yes, it shows that he would, he wants to get caught. Um, so I think really this case in closing, this case is an issue of first impression. This court has never really, um, had the opportunity to define what's the proper definition of official restraint in the attempted entry cases. And the law, let me ask you, assuming we were to agree with you on that, why isn't it harmless in light of the evidence? So normally in 1326 cases, the jury's out for like five minutes and we wait out in the hallway for them to come back with a guilty, they deliberated, they, for quite a while, they had a question in this case. They got it. They were folk. I mean, there was testimony from the defendant and from his cousin that they had, they both testified and said that they had the intent to get caught and that, and they, there's also testimony that they were being watched by these smugglers who had threatened them. Um, and so they didn't go immediately to the, to the border patrol vehicle that was right there. And they didn't even know if anyone was in it, but they went directly north. And as soon as, um, border patrol came up, the, um, Mr. Castillo said, you got us and admitted, I'm here without papers. You got us. And the fact that he didn't say anything further and, and, and, um, invoked his, his right to remain silent. It doesn't show that he had anything other than the intent to get caught. Okay. Thank you. Thank you counsel. Uh, the matter is submitted.
judges: Reinhardt, Tashima, Paez